Salas Soler, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
I
Se solicita la revisión de la Resolución y orden del 31 de octubre, notificada el 4 de noviembre de 2003 emitida por la Hon. Heidi S. Cabán Santiago, Juez Administrativa del procedimiento de Querellas del Programa de Educación Especial del Departamento de Educación. En la referida resolución y orden se declara no ha lugar, una solicitud de inhibición que verbalizara la recurrente, señora Marta Díaz Fonseca, en adelante, (“señora Díaz”) en interés y representación de su hija menor Lyssete Cardona Díaz en la vista administrativa del proceso el 12 de septiembre de 2003, Minuta, apéndice (“ap.”), páginas 82-83. La solicitud de inhibición se formalizó mediante Memorando de Derecho en Cumplimiento de Orden, de fecha 29 de septiembre de 2003, ap. páginas 84-92.
El Departamento de Educación, (“D.E.”) replicó al citado Memorando el 23 de octubre de 2003, ap. páginas 94-102.
Inconforme con lo resuelto por la Juez Administrativa, la señora Díaz presentó oportunamente, recurso de revisión administrativa el 4 de diciembre de 2003 ante este Foro y, conjuntamente con el mismo, presentó, Moción Urgente en Auxilio de Jurisdicción Solicitando Orden Para Paralizar Procedimiento de Vista Administrativa y Declaración en Apoyo de Solicitud para Litigar como Indigente (en forma Pauperis).
En la misma fecha en que fuera presentada, resolvimos no ha lugar la solicitud de paralización de la continuación de la vista pautada por la Juez Administrativa Cabán Santiago para el día siguiente, 5 de diciembre a la 1:00 p.m. en el Departamento de Educación.
De otro modo, se declaró con lugar la solicitud de la señora Díaz para litigar como persona indigente. No obstante, se observa que a la señora Díaz por la forma tan articulada y legalmente bien informada que tienen sus escritos ante el organismo administrativo y ante este Foro, no hay duda que se le está proveyendo asistencia legal óptima lo cual apreciamos, ello para la mejor defensa de sus derechos.
El 4 de diciembre de 2003, la señora Díaz presentó Moción Solicitando Reconsideración insistiendo en la paralización de los procedimientos ante el D.E., la que declaramos igualmente, no ha lugar, el 5 de diciembre de 2003.
En nuestra Resolución de 4 de diciembre de 2003, señalamos que procederíamos a resolver el recurso en sus méritos oportunamente. Correspondemos a lo antes señalado.
*899 II
El señalamiento de error que la señora Díaz le atribuye al foro administrativo, consiste en que declaró no ha lugar la solicitud de inhibición por ella formulada, la cual alega que ello no le provee las garantías procesales dispuestas en la ley que rige el proceso administrativo ante el D.E. Se refiere a la ley federal: “Individuals with Disabilities Education Act”, 20 U.S.C.A. § 1400 et seq., conocida por (“IDEA”).
Los procedimientos ante el D.E. comenzaron el 29 de julio de 2003 cuando el Departamento, Distrito Escolar de Cidra, presentó la querella num. 03-020-10 contra la señora Díaz por alegadamente ésta no aceptar las alternativas educativas que se le ofrecen en beneficio de su hija, la estudiante Lyssette Cardona Díaz. La querella fue contestada por la señora Díaz el 6 de agosto de 2003, quedando las controversias ha dilucidarse ante la consideración de la Juez Administrativa designada para ello por el D.E., Leda. Cabán Santiago.
Ante este Foro está exclusivamente sometido el asunto inhibitorio de la Juez.
De autos se desprende que la estudiante Cardona Díaz está registrada actualmente en el Programa de Educación Especial del D.E., existiendo diferencias sustanciales entre la señora Díaz y el D.E. sobre donde ubicar a Lyssette para su mejor satisfacción y provecho académico.
III
La solicitud de inhibición presentada contra la Juez Administrativa se apuntala en que por la naturaleza del contrato entre el D.E., y Cabán Santiago quien es una de (4) Jueces Administrativos contratados por el D.E., para realizar las tareas que sobre adjudicación de controversias sobre educación especial que se le delegue, no lq ofrece seguridad sobre la imparcialidad de lo que se adjudique en la querella que se prosigue contra la señora Díaz, por ser esencialmente los mencionados Jueces, empleados del D.E.
Examinado el Contrato de Servicios Profesionales y Consultivos entre el D.E. y Cabán Santiago, ap., págs. 124-130, se establece claramente en la Cláusula Primera (b) que: “Queda establecido que el mero hecho de que la primera parte (D.E.) contrate y pague los servicios de la segunda parte, (Cabán), no convierte a éste en empleado del Departamento de Educación. ”
Por otro lado, hemos examinado con ponderación los actos realizados por la Juez Cabán Santiago según surgen del Apéndice, y no encontramos o detectamos que haya actuado en la causa de título con pasión, prejuicio o parcialidad en contra de los intereses y posiciones de la señora Díaz y su hija.
Por otro lado, el sistema de jueces administrativos establecido por el D.E. es parte de un esquema legislativo y reglamentario que no puede o debe dislocarse sin que haya una total evaluación y consideración de las partes concernidas, que están totalmente fuera del ámbito de la causa de título y de este Foro.
El hecho de que una agencia, organismo, comisión o foro regulador utilice los mecanismos de comisionados, oficiales examinadores y jueces administrativos para la recopilación de evidencia y adjudicación de controversias, es uno bien centrado y cimentado en el derecho administrativo [nacional] y puertorriqueño. Como ejemplo de ello, están el sistema de seguro social, inmigración y aun en controversias de inversores y corredores de valores, entre decenas de otras actividades, se utilizan árbitros, comisionados o “Administrative Law Judges” cuyos salarios o emolumentos son sufragados por las entidades mencionadas.
En nuestra jurisdicción ofrecemos como notables ejemplos, el Departamento de Asuntos del Consumidor, la Comisión de Servicio Público, el Sistema de Retiro y la Oficina del Comisionado de Seguro entre muchos otros organismos que utilizan como agentes resolutorios de controversias, oficiales examinadores, comisionados o jueces administrativos. Los organismos citados sufragan los servicios de sus examinadores y jueces administrativos.
*900 Nuestro Tribunal Supremo en aquella gran controversia de los años setenta sobre la legalidad o carencia de ella, de las casas botes veraniegas de La Parguera, expuso a través del Hon. Jorge Díaz Cruz, Juez Asociado del Tribunal Supremo de Puerto Rico, lo siguiente sobre la validez de que una agencia puede aceptar la obtención de evidencia por un subalterno o, empleado, para adjudicar casos y controversias ante su atención.
Citamos in extenso de la ilustrada opinión, 101 D.P.R. 875, 882-883 (1974), Escolios 4-10:
“[4-8] La norma de “debido proceso de ley ” no tiene en el campo del derecho administrativo la rigidez que se le reconoce en la esfera penal. Atiles, Admor. v. Comisión Industrial, 63 D.P.R. págs. 62, 63 (Snyder, J.) (1944). La decisión administrativa es institucional en el sentido de que es la decisión de una agencia u organismo, y no la de un individuo ni la de los jefes de la propia agencia. La decisión de un juez que preside una vista es personal. El juez recibe la evidencia y los informes y decide el caso. En el proceso administrativo la prueba se practica ante un examinador, éste u otro subalterno pueden cernir la evidencia, especialistas en diversas disciplinas del personal de la agencia pueden contribuir a la redacción de informes finales; y el jefe de agencia, como cuestión de realidad, puede descansar tan pesadamente en el trabajo de esos subalternos al extremo de conocer poco o nada de los problemas presentes en muchos de los casos que se resuelven en nombre de la agencia. Davis, Opus, Vol. 2, sec. 11.01, pág. 36. Hay casos en que puede hasta suprimirse la vista oral sin violar la Constitución, como sucede ante una admisión por la parte querellada de hechos que la ley expresamente prohíbe. Denver Union Stockyard Co. v. Producers L. M. Asstn., 356 U.S. 282 (1958) (2 L.Ed. 771). En el presente caso sería fútil una vista evidenciaría para establecer algunos de los hechos imputados en la contención del Estado como lo son que los dueños de casas querelladas carecían de permisos de la Comisión de Servicio Público y del Departamento del Ejército para instalar y edificar sus estructuras en el litoral de La Parguera, pues la falta de permisos fue estipulada por las partes ante la Comisión. Sí era necesaria la vista para establecer hechos (navegabilidad de las aguas, zona de ubicación, etc.) en que fundan los querellados su contención de que esos permisos son innecesarios. Fundamental al debido proceso es que la parte querellada tenga una clara e informada noción de cuál sea la contención del Gobierno y del propósito que dirige el interés público. Morgan II v. United States, 298 U.S. 468, 80 L.Ed. 1288 (1935). No se vulnera la legalidad del proceso cuando las contenciones del Gobierno están, como en el presente caso, definidas con claridad, N.L.R. B. v. Mackay Radio & Telegraph Co., 304 U.S. 333 (1938), tan definidas que los querellados han estipulado la ausencia de permisos y levantado no menos de nueve defensas afirmativas contra la acción gubernamental.

[9] Esencial al debido proceso lo es también que los comisionados tomen una decisión informada, con conocimiento y comprensión de la evidencia ofrecida, sin que importe al caso el medio o mecanismo por el que esa inteligencia de la cuestión debatida llegue a su poder, que puede fluir cuando el comisionado no participa en las vistas, por lectura de la transcripción de la evidencia oral y examen de la documental; o informe, resumen, compendio, escrito u oral, o pliego de determinaciones de hechos sometidos por los examinadores a los comisionados. Davis Administrative Law Treatise, Vol. 2, sec. 11.21, pág. 126, ed. 1958.

[10] Está generalmente aceptado que el comisionado puede confiar en un informe o resumen de un subalterno apto. “El requisito [de debido proceso] está vinculado a una inteligencia personal de la evidencia por parte del comisionado, no con la mecánica de que se vale para adquirir esa comprensión. ” En la práctica común, los oficiales que deciden adquieren un entendimiento o comprensión de la evidencia no sólo de informes de subalternos, si que también de resúmenes y explicaciones en alegatos y argumentos orales de las partes. Davis, opus, Vol. 2, sec. 11.03, pág. 45. ”

IV
Por lo expresado, denegamos el auto de revisión solicitado.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
*901 Aida I. Oquendo Graulau
Secretaria General